IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| DAVID BALLENTINE,<br><br>                    PLAINTIFF,<br><br>vs.<br><br>GREENBERG, STEIN & ASSOCIATES, LLC, d/b/a CAC FINANCIAL SERVICES<br><br>                    DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, David Ballentine ("Plaintiff" or "Ballentine") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, Greenberg, Stein & Associates (hereinafter "Defendant" or "Greenberg"), alleges as follows:

## I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.    PARTIES

3. Plaintiff, David Ballentine, is a natural person residing in Des Moines, Iowa.

4. Defendant, Greenberg, Stein & Associates, LLC, is a business engaged in the collection of debts owed to another in the state of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Ace Cash Express, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about May 05, 2010, the Plaintiff received a call from his mother, Ms. Loisteen Ballentine. Ms. Ballentine stated she had received a call from Defendant's representative who identified himself as "Investigator Richardson." He advised Ms. Ballentine that her son owed Defendant $500.00. He further advised that unless he called the Defendant immediately, he was prepared to file papers with the Polk County courthouse. Mr. Richardson stated that it would be awfully embarrassing for Ms. Ballentine's family if her son was arrested. "Investigator Richardson" expressed that Ms. Ballentine's son had committed a felony and needed to pay the debt that day. Ms. Ballentine immediately contacted her son.

11. On or about May 05, 2010, the Plaintiff received a call from his employer's branch manager, a Mr. Dave Severs. The Plaintiff is employed at Dr. Pepper, Snapple. Mr. Severs stated a representative of Defendant contacted him at work, identified himself as "Investigator Richardson," expressed that the Plaintiff must contact the Defendant immediately or he will face criminal prosecution.

12. The Plaintiff contacted the Defendant's representative, "Investigator Richardson," on or about May 05, 2010. The Plaintiff first provided his contact information and requested the Defendant cease contacting his employer and mother. The representative, "Investigator

Richardson" demanded the Plaintiff provide his bank account information over the phone to make a payment. "Investigator Richardson" further threatened that the Plaintiff must pay immediately or he would file papers with the Polk County Courthouse the upcoming Wednesday and the Plaintiff would be arrested. "Investigator Richardson" repeated several times that the Plaintiff would be arrested unless he made payment that day. "Investigator Richardson" threatened that the Plaintiff could be arrested at his place of employment and that it would be embarrassing for himself and his family. "Investigator Richardson" made it clear to the Plaintiff that there was a case pending in Polk County and there could be a warrant issued for his arrest at any time.

13. The Plaintiff requested the Defendant's address and information related to his account with Defendant as well as the Defendant's business name. The representative refused to provide any information except that he was with CAC Financial Services. Out of panic and fear of being arrested and possibly losing his job, the Plaintiff finally acquiesced and provided his bank account information.

14. After reflecting on his conversation with Investigator Richardson on May 05, 2010, the Plaintiff realized he was placed under threat and duress into providing his bank account information. Shortly following Plaintiff's conversation with "Investigator Richardson" on May 10, 2010, the Plaintiff contacted his bank and cancelled the automatic withdrawal from his bank account.

15. On approximately May 10, 2010, the Plaintiff again received a call from his employer. The Defendant had contacted another employee of Plaintiff, Ms. Linda Ratliff. "Investigator Richardson" requested she have the Plaintiff contact him immediately.

16. On approximately May 10, 2010, the Plaintiff contacted "Investigator Richardson." The Plaintiff expressed that he did not feel comfortable giving his bank account information and wanted to cancel authority to Defendant to make any and all automatic withdrawals. The Plaintiff requested the Defendant's address and stated the Plaintiff would mail the Defendant a payment in the form of a cashiers check. "Investigator Richardson" stated that he was not allowed to provide the Defendant's mailing address and could only take payment through automatic withdrawal. After "Investigator Richardson" argued with the Plaintiff for over ten minutes, he stated that CAC Financial Services was really Greenberg, Stein & Associates and

provided the Plaintiff with the following address: 3424 Braircliff Road, Suite 222-1, Atlanta, GA 30329. The Plaintiff again requested the Defendant cease contacting his employer.

17. On approximately May 11, 2010, a representative of the Defendant, Mr. Alfonso Rice, left a message on Plaintiff's cell phone stating he was with Greenberg, Stein & Associates, and requested the Plaintiff contact him immediately with regard to the alleged debt. The phone number was the same number which contacted the Plaintiff's mother and place of employment. The Defendant failed in the voice message to state the call was from a debt collector and any information would be used for that purpose.

18. On approximately May 13, 2010, the Defendant made an unauthorized withdrawal from Plaintiff's bank account.

19. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, humiliation, frustration, anger, stress, loss of sleep and anxiety. The Defendant further withdrew money from Plaintiff's bank account after Plaintiff withdrew permission to do so.

## V.   FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

20. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 19.

21. Greenberg, Stein & Associates, LLC and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the Plaintiff within five days of the initial verbal communication, the amount of the debt, the name of the creditor, and notice that within 30 days of the notice, the Plaintiff had 30 days to dispute the debt in which time the Defendant would be required to provide verification of the debt.

   b. The Defendant violated 15 U.S.C. §§ 1692b(2); b(3) by disclosing information with regard to the debt to third parties and by contacting the same third party on more than one occasion without a request to do so.

   c. The Defendant violated 15 U.S.C. § 1692c(b) by contacting the Plaintiff's place of employment or other third parties in connection with the collection of any debt,

    without the express permission of the Plaintiff, for purposes other than verifying the location of the Plaintiff.

  d. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

  e. The Defendant violated 15 U.S.C. § 1692e(2)(a) through a false misrepresentation of the character, amount, or legal status of the debt.

  f. The Defendant violated 15 U.S.C. § 1692e(4) through the representation or implication that nonpayment will result in the arrest of any person unless such action is lawful.

  g. The Defendant violated 15 U.S.C. § 1692e(5) through a misrepresentation or threat to take any action that cannot legally be taken or that is not intended to be taken.

  h. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  i. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

  j. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

22. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

23. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

24. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

25. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 19.

26. Greenberg, Stein & Associates, LLC and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692g(a); 1692b(2)(3); 1692c(b); 1692d(5); 1692e(2)(a); 1692(e)(4); 1692e(5); 1692e(10); 1692e(11); and 1692f.

    b. The Defendant violated Iowa Code § 537.7103(1)(b) through the false accusation or threat to falsely accuse a person of fraud or any other crime.

    c. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times known to be inconvenient, with the intent to annoy, harass or threaten a person.

    d. The Defendant violated Iowa Code § 537.7103(3)(a) by communicating the fact that the Plaintiff owes an alleged debt to third parties without the Plaintiff's permission, to persons who would not be expected to be liable for the debt, for purposes other than to verify employment and more than once in a one month period.

    e. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

    f. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation of the character, extent or amount of a debt, or of its legal status.

27. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

28. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

29. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with

reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff prays a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF