IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DAVID BALLENTINE,<br><br>     Plaintiff,<br><br>vs.<br><br>GREENBERG STEIN & ASSOCIATES, LLC,<br>d/b/a CAC Financial Services,<br><br>     Defendant. | No. 4:10-cv-00253 – JEG<br><br>O R D E R |

This matter comes before the Court on Plaintiff's Motion for Order Entering Default and request for hearing to determine damages, fees, and costs (Clerk's No. 3). Thus, the Court treats the motion as encompassing a motion for entry of default judgment. With the docket reflecting service upon the Defendant and no timely responsive pleading, default was entered by the Clerk of Court against Defendant Greenberg Stein & Associates, LLC, on September 9, 2010. Fed. R. Civ. P. 55(a). The matter came on for hearing on October 7, 2010. The Plaintiff was represented by L. Ashley Zubal. No appearance was made on behalf of the Defendant, and there was no response to an announcement in the halls of the courthouse.

Plaintiff David Ballentine (Ballentine) alleges the Defendant engaged in debt collection practices against the Plaintiff that violated the provisions of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Iowa Debt Collection Practices Act, Iowa Code § 537.7103, et seq., which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices. The essential procedure for this Court in determining the appropriate judgment in the event of default has been summarized as follows:

> "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 89 L. Ed. 3 (1944). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). See also Am. Red Cross v. Cmty. Blood Ctr., 257 F.3d 859,

>864 (8th Cir. 2001) ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." (quoting Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (internal quotation marks omitted))). Once the amount of damages has been established, the court may enter judgment pursuant to the rule.

Stephenson v. El-Batrawi, 524 F.3d 907, 915-16 (8th Cir. 2008). Accordingly, this Court accepts the allegations of the Complaint (Clerk's No. 1) as true, with the exception of the allegations regarding the amount of any damages, and proceeded to take evidence on the damages and costs issues.

A representative of the Defendant, who identified himself only as "Investigator Richardson," first contacted Ballentine's mother regarding the debt and then contacted Ballentine's employer. Ballentine, his mother, and his employer were led to believe Ballentine was being pursued by law enforcement and was being pressured to satisfied his debt in the hopes of avoiding the embarrassment of being arrested at home or at work. Ballentine was led to believe a case was already proceeding in Polk County court. Richardson repeatedly contacted Ballentine's employer after being asked to refrain from that practice. The Defendant's representative refused to more specifically identify himself or his agency. He provided Ballentine with no notice of a right to dispute the debt.

Ballentine was intimidated by the circumstances and, upon request by Richardson, provided his bank account information. Defendant later made an unauthorized withdrawal from Ballentine's bank account and further made efforts to withdraw funds after being specifically advised to refrain from that practice.

Ballentine testified at the hearing that the circumstances had caused him significant emotional distress, fear of being confronted by law enforcement, fear of being placed in a difficult position with his employer, and concern that his mother was being bothered by these practices. He described his mental state as waiting to explode. The emotional distress described by the Plaintiff is not extreme but is sufficient to support the claimed damages for emotional distress in the amount of

$5,000.00. The record clearly supports actual damages in the amount of $200.00 for an unauthorized withdrawal from the Plaintiff's bank account, since there is no record this withdrawal actually reduced the Plaintiff's underlying debt.

As demonstrated by the Attorney Fee Affidavit, Exhibit 3, the Plaintiff incurred legal services expense in the amount of $2,450.00 in fees and costs of $500.00. The Court finds the fees and costs to be reasonable and necessary.

Ballentine further seeks statutory damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(A), and the Iowa Debt Collection Practices Act, Iowa Code § 537.5201(1)(y), each in the amount of $1,000.00. Given the actions of the Defendant in this case, the Court finds the claimed statutory damages to be appropriate.

Accordingly, Plaintiff's Motion for Default Judgment (Clerk's No. 3) is **granted**. The Clerk of Court is directed to enter judgment in favor of the Plaintiff and against the Defendant in the amount of $10,150.00 plus interest at the applicable rate.

**IT IS SO ORDERED.**

Dated this 25th day of October, 2010.

JAMES E. GRITZNER, JUDGE
UNITED STATES DISTRICT COURT